Good morning, Your Honors. You may proceed, Counsel. May it please the Court, I'm Dave Kramer for Appellant YouTube. By this appeal, YouTube seeks reversal of two orders from the District Court. The District Court first erred by refusing to grant YouTube's motion for partial summary judgment that the safe harbor of Section 512C of the Digital Millennium Copyright Act immunized YouTube from Plaintiff Robert Tur's claims of copyright infringement. The sole basis on which the District Court denied YouTube's motion was a supposed question over whether YouTube had the right and ability to control the alleged infringement about which Mr. Tur complained. Now, as I understand Mr. Tur's argument, your appeal only went to the costs and fees part of the dismissal order. I'm not sure I understand that argument, Your Honor. Mr. Tur's argument is that YouTube has not appealed the dismissal. YouTube manifestly seeks reversal of the dismissal order and remand to the trial court for further proceedings. I didn't see any argument in the brief that the dismissal order itself was somehow infirm. Yes, Your Honor. The dismissal order is infirm because of the ---- Because it's not conditioned as you wanted it to be on a complete award of costs and fees. That's correct, Your Honor. The dismissal order was an abuse of discretion because it failed to condition the dismissal upon reimbursement by Tur of YouTube's nonuseful attorney's fees and legal expenses. Right. What the point that YouTube made in its papers was if the dismissal order is reversed, if we're right and the dismissal order is wrong, then this Court should remand to the trial court for further proceedings in which ---- And if you're wrong, that means that the dismissal sticks and that there is absolutely no conceivable thing left to this lawsuit. It's a dead duck. I'll disagree with you, Your Honor, on that point. Because? Because the order denying YouTube's motion for summary judgment continues to have an impact on the parties, and its reversal would have a profound impact on the parties. Well, it has impact on, presumably, for whatever it's worth in New York. But why does it have any other effect? I mean, if the dismissal stands, it's just as if there was never a lawsuit. I don't believe that's so, Your Honor. We know from the Eleventh Circuit's decision in the Kirkland case, for example, that notwithstanding an uncontested dismissal, orders that are interlocutory and precede that dismissal continue, can continue to have an impact. And therefore, as in Kirkland ---- I could envision some kinds of orders having maybe some kind of impact. This was a denial on sufficiency grounds of a partial motion for summary judgment. I just can't conceive of what effect it would have on anybody, including any ---- even if you could consider collateral estoppel, which you can't, in determining movements, I just can't conceive how that would have any effect at all. So a couple of points, Your Honor. Let me take issue with the question ---- the Court's point on denial on sufficiency grounds. That was not the basis for the trial court's denial of YouTube's motion for partial summary judgment. But she expressly stated that was the basis for her decision. The trial court ---- Yes, Your Honor. The trial court erred by applying an insurmountable burden of proof, one that would render the DMCA safe harbor meaningless for all service providers on a going forward basis. The service provider seemingly required YouTube to put forth evidence showing everything that the service did and explaining why that did not impart disqualifying control. That was legal error. That was not a sufficiency problem. That was a legal error. YouTube more than carried the burden that this Court's precedent in CC Bill indicates it had, that the district courts in IO v. VO and Perfect Ten v. Amazon made clear is born not by an online service provider, but by a copyright plaintiff asserting a claim for vicarious or contributory infringement. But even so ---- Yes, Your Honor. Even so, she denied it explicitly on grounds that there was insufficient evidence. So how does that ruling potentially have any effect on the litigation in New York or elsewhere? Well, Your Honor, the impact is that YouTube continues to face liability on Ter's claims of copyright infringement when those claims should have been disposed of by partial summary judgment. In fact, under Ter's theory of the world, YouTube not only continues to face the same liability, but that liability is continuing to accrue. So YouTube should have had partial summary judgment in its favor, immunizing it from Ter's claims back in June of 2007. Instead, it's now going to face indefinite delay and accruing liability throughout that period. So the trial court's denial of summary judgment continues to have an impact on YouTube in much the same way that the Eleventh Circuit's decision in Kirkland shows an order preceding a voluntary dismissal can continue to have an impact on the parties. But the whole reason for the dismissal in this case is so that Ter can be part of the litigation in New York, which makes so much sense. You have everything together. Well, I can certainly understand, Your Honor, after months of proceedings in this case where Ter failed to adduce any evidence in opposition to YouTube's motion for partial summary judgment, that he might want to start again. But the problem with the dismissal order is that the trial court failed to condition it upon the substantial, undeniable, non-useful fees that YouTube incurred in defense of the action over a 14-month period. There is no case that we are aware of from this circuit or elsewhere in which a dismissal at that late date was not conditioned upon reimbursement by the dismissing party of the defendant's non-useful fees. And the fees here are undeniably non-useful. I'm happy to document them. multiple refusals, multiple failures by Ter to file briefs at all, which YouTube had to respond to. Multiple requests for extension by Ter, which YouTube had to respond to. So now you're continuing to litigate these issues against Ter in New York. Well, the action in New York is a very different creature, Your Honor. There are nearly two dozen plaintiffs in that action. There's a putative class purporting to represent the entire world. There have already been two years' worth of proceedings there, and there are likely to be two more. So it is, as I say, a very different situation than the one that was presented here, where after ample opportunity, the district court found that Ter had ample opportunity to develop a record in this case to oppose YouTube's motion for summary judgment and expressly held in a simultaneous order that Ter failed to raise a triable issue of fact on the central question of YouTube's ability to control. But the court ruled against you. It did, Your Honor, as I say. I'm sorry. With respect to the summary judgment order, Your Honor? Yeah. It did, Your Honor. And as we pointed out in our papers, that was an error of law. The court placed upon YouTube a burden. Well, we're not going to get into an appeal of an interlocutory denial of a motion for summary judgment. I suppose it could be argued that we might have discretionary jurisdiction, but normally we don't do that. Isn't that right? Your Honor, as you say, you do have jurisdiction, discretionary jurisdiction. And in this particular case, we believe that the court should exercise that discretionary jurisdiction to be faithful to the objectives behind the Digital Millennium Copyright Act. Congress enacted that statute in order to ensure that electronic commerce, electronic communications would flourish in the digital age. They expressly enacted it to protect services like YouTube, and they clearly got it right. As a result of the DMCA, services like YouTube exist and can provide the world with free, authorized access to gargantuan universes of information that were previously unavailable. And the point of the DMCA is to say to those services, innovate, develop, don't worry about the prospect of massive copyright liability for material uploaded to your services by users. As long as you are properly responsive to notices of alleged infringement, you will be immune from that liability. Well, consider what YouTube has already had to go through. Ter joined the issue of summary judgment. He filed a motion for summary judgment in the district court. YouTube adduced a detailed evidentiary showing in opposition to that motion and in support of a cross motion. Ter was then granted extension after extension after extension to try and come up with a triable issue of fact in opposition to YouTube's motion, and he failed to do so. In fact, he failed to file a supplemental opposition brief at all. The trial court then let an amicus step into his shoes and file one for him. YouTube has spent hundreds of thousands of dollars defending against a single claim of copyright infringement. And after all of that, the district court found that there were no triable issues of fact on the issue of control. If every service provider had to endure what YouTube has already had to endure, the DMCA will have failed of its essential purpose. Online service providers fearful of potential liability and massive litigation costs will not innovate. The purposes behind the DMCA will be the online speech the DMCA was intended to foster will be chilled. The purpose of the immunity would be frustrated. I'd like to reserve the balance of my time if I may, Your Honor. You may do so, counsel. We'll hear from the other side. Good morning, Your Honors. May it please the court, Hal Shaftel on behalf of Apelli Ter. YouTube's appeal presents this court of the parties with a wasteful, unnecessary, and indeed unprecedented frolic. As the court has recognized, it seeks a review of an interlocutory order, an order which but for the voluntary dismissal would not, could not be before this court. It seeks review of an order which resolved, determined no parties, nobody's rights. As the court below found, YouTube is free to, with equal zeal, raise the same arguments, the same defenses in the New York class action, and C, it seeks to do so when you have another there, there. Meaning, the New York case, unlike the court below, where the proceedings below, where YouTube made its motion without providing a single document in discovery, a single witness was not deposed, indeed, Your Honors, it was before even the Rule 26 disclosures. None of the parties cite any case which involves a summary judgment determination at that early stage. But we do have the New York proceeding, millions of pages of documents produced, dozens of depositions. YouTube has not moved in that case. To give this court an exemplar, a flavor of the discovery coming out of YouTube's mouth, in that case, we have submitted some supplemental documents from the discovery in the class action. YouTube has resisted that. The court in the next case. Your Honor, we cite three reasons. One, to the extent this court has any discretionary jurisdiction over the summary judgment order, we believe it is voodoo. It's not even a matter of discretion. But if this court has discretionary jurisdiction, it goes to show how the district court got it exactly right, that the record below was so totally devoid. But all the district court had was the record below, so putting in evidence that it didn't have doesn't help us decide what was before the district court. We have cited the court to a couple of decisions. The CSF's decision from the Eleventh Circuit, where in the exercise of the court's inherent authority to supplement the record, it can do so. It can do so to add critical facts. And we believe there's no reason, there's no law, there's no rule, which deprives this court from looking at the record below, not in a vacuum, but to see the evidence from YouTube's own witnesses' mouths and documents. We also cite the existing reasons. But, Your Honor, is this with respect to the Millennium, Digital Millennium Act? Your Honor, in terms of the supplemental record? Yes. It relates to contradictions. I want to be careful about saying it's not. Well, the district court, I mean, again, I'm a little uncomfortable even talking about the denial of summary judgment, because I'm not persuaded yet that we should even be going there. But as I understand it, the district court only considered one of the six elements with respect to the application of the Act. Am I correct? In terms of Mr. Kerr's motion, which was denied, he raised the financial benefit wrongly. It was an isolated aspect of the DMCA. YouTube's motion, in order to be granted, would have to overcome each of the elements in order for a determination that it is entitled to the DMCA safe harbor. Now, YouTube claims that the burden in this case should be shifted. They ignore three fundamental aspects. One, it happens to be their summary judgment motion. The movement bears the burden. Two, it's a motion on their affirmative defense. They bear the burden on their affirmative defense. And to add to the trifecta, the third element is that what YouTube does, doesn't do, can, cannot do with respect to their site is peculiarly within the knowledge of YouTube. In no case shifts burdens in those circumstances. Indeed, it is because the information is peculiarly in YouTube's knowledge. And they refused. They did not provide it in any pre-motion discovery that the Court recognized this record is grossly insufficient. And the precedent, we believe, is Legion, McFarland. We cite these cases. Transworld Airlines from this circuit. U.S. v. Certain Real and Property Real Estate from the Eleventh Circuit. That particularly in complex fact cases, this is not a breach of contract case. This is about the workings of a website. That the Court should not render a summary judgment decision on anything less than an appropriately developed factual record. And I don't think anybody could say with a straight face that this record comes anywhere close to that. The declarations that YouTube relied on were conclusory. The Court found that. And there was no basis in the record for YouTube to meet its burden. I do want to go back to the procedural context. Because we do submit that this appeal is not a matter, even the summary judgment order of this, of the exercise of this Court's discretion. It is moot. One, and I take issue with YouTube's statement, that they appealed the fact of the dismissal. They did not. How do I know? How do we know they did it? Because they tell it to us in their own briefs. What does the notice of appeal say? The notice of appeal captures the entirety of the dismissal order. Circuit authority, Martinez, the Martinez-Serrano case, make plain that The actual order of dismissal? They did appeal from the order. What does it exactly say they're appealing? We need to check, Your Honor, in terms of the wording of the notice of appeal. Right. And do they say they're appealing the order of dismissal? They do. They do, Your Honor. In their briefs, the only argument has to do with costs. With costs. And, Your Honor, they argue costs first and only costs. The only error they attach relates to costs in their opening brief. In their opposition to our motion to supplement the record, they again state quite clearly they're only appealing the fact of the cost associated with the dismissal, not the fact of the dismissal. We, in our opposition brief on the merits, say YouTube has just made plain the limited scope of their dismissal. They never refute that. And, by the way, even if they did intend to appeal the fact of the dismissal, it's moot. You cannot be in two places at once. They are actively litigating these very claims in New York. There is no longer What is the status of Mr. Tour's participation in the New York proceeding at this moment? He is a named class representative for a putative class. He is subject to discovery, has sat for a deposition, has produced documents In that proceeding. In New York. Is the subject to interrogatories. He is now in the process of responding to. He is fully engaged as a principal representative of the putative class. And as the Court recognized, the whole point, and it distinguishes really all the cases where YouTube contends that voluntary dismissals raise the interlocutory orders are appropriate on appeal. The whole point, it was recognized in the court below, to dismiss, to voluntarily dismiss this case, was for the efficiencies of the class action. And the standard of review with respect to that is what? Abuse of discretion? That is correct, Your Honor. And in terms of the cost component, which we do concede they have appealed, that, too, is an abuse of discretion. There are cases of What about with respect to that particular point? You heard Mr. Kramer's argument with respect to costs, which they allege should have been awarded and weren't. What's your response? I believe Mr. — I take issue with what Mr. Kramer said, that in no case have — maybe he said in no case in this circuit — has a voluntary dismissal without costs been approved when the plaintiff then proceeds to advance its claims elsewhere. Smith v. Lynch's, no costs. In Ray Worldcom, a Southern District of New York case, plaintiffs dismissed their — had their action dismissed to proceed as part of a class action, no costs awarded. And, A, conceptually, it's clear why that is. We're just moving the venue. And that venue has moved. But particularly in this case, the district court found — and the district court is best positioned, as the precedent recognizes, to evaluate these factors — that YouTube — YouTube resisted months of efforts by TUR to coordinate discovery with the class action. YouTube's own declarations in the record concede that TUR first raised coordination with the class action the very month the class action was filed. YouTube resisted. They sought to take advantage of a disparity of resources. They saw an individual plaintiff, and they wanted to try to score — to score a point or two on a deficient record with an individual plaintiff with limited resources. It is why myself, my firm, as interim class counsel in the New York action — we were designated interim class counsel to assist the class members in the class action and related actions — were here, because TUR did not have the resources. It, in fact — it, in fact, corroborates the practicality and functionality of the class action we're now prosecuting. And the judge — YouTube creates a bit of a straw man. They argue about whether the dispute was if they submitted detailed time records or not. In fact, the precedent in this circuit makes clear the Winneger case. It's the right practice. It's the better practice. But the district court evaluated these issues, and it said while the failure to submit detailed time records was a threshold issue, the more significant point emanated from her review of the record in the case. They resisted discovery. They failed to find any factual finding the district court made. They failed to mitigate any of their costs by declining to coordinate with the class action after TUR repeatedly made efforts to do so. And if you look at those records, which are very summary in terms of their descriptive and inefficient, inadequate, and TUR had asked for the billing records in advance, YouTube refused to provide them. They show over $100,000 spent after TUR said we should be coordinating with the class action. They show 50 hours. I believe it's in the month of December. And the Court found these costs exorbitant. Fifty hours of time by YouTube's counsel negotiating and drafting papers to oppose first a seated continuance for themselves, then another 50 hours to oppose a continuance sought by Mr. TUR. These are the district court looked at this. These are exorbitant amounts. And in the context of a finding that YouTube failed to mitigate, failed to cooperate, we see no basis to overturn on an abuse of discretion standard the Court's holding that costs are not warranted here. We also take issue that the cost component somehow could resurrect this appeal. We think there was YouTube waived the appeal from the fact of the dismissal. If they didn't, it's moved. They did nothing but sit on their hands as the New York case proceeded. They could have sought a stay. They didn't. They could have sought to expedite this appeal. They didn't. They could have sought a stay from the district court here. They could have sought a stay before Judge Stanton. They did not even in their answer in the New York case assert an affirmative defense on venue. They acceded. They consented to the venue in New York. And while we think the appeal on the cost is frivolous, the abuse of discretion standard, the facts that the Court not only had before it but addressed in its decision, that component cannot take a moot appeal. I think the Petullo case. Roberts, I think we understand your argument. Your time has expired. Thank the Court. Thank you. Mr. Kramer, you have some reserve time. Thank you, Your Honor. Let me be clear about why the appeal is not moot. YouTube is appealing the dismissal order. If the dismissal order is reversed, the trial court will put to ter a condition, either accept my determination of non-useful fees or the action will continue in the trial court. And in that case, a reversal on the summary judgment order would have a significant impact. But we've already been there. Isn't that what the Court has already done? With respect to the dismissal order, Your Honor, we think the district court abused its discretion in two significant ways. There was a clear error of law and clearly erroneous findings of fact. On the law, the district court relied on this Winograd case, which if construed as appellee would have it construed, is at odds with a long line of Ninth Circuit precedent that says that detailed time records are not required even for a party seeking an award of fees. This Court's decision in Henry v. Gill, Your Honor's opinion in Henry v. Gill makes clear detailed time records are not required. They are doubly not required in the context. Ginsburg. Kagan. Why do the district court abuse its discretion in eyeballing the submission and basically saying, you know, if you're going to ask for 48, a compensation for 48.6 hours working on a continuance, I need to know more. This just isn't enough. And there was no effort on YouTube's part to say, look, you know, we have some privilege issues here that need to be addressed. We could redact out a further submission or we could submit it ex parte in camera for the court's review or whatever creative solution one might have to those problems. It's not an insurmountable one. So all that having been said, why did the district court abuse its discretion? Yes. So, Your Honor, YouTube was fully prepared to defend its showing of non-useful fees in the district court, but it wasn't given the opportunity. It wasn't moving for an award. It was opposing a motion for voluntary dismissal. I understand. Terr made his arguments for the first time on reply, and the district court did not conduct a hearing. So YouTube had no opportunity to make the arguments about privilege, about time records, about pointing out the error of law that Terr was urging upon the district court that time records were required. And if you look at these declarations, if you review them, we do not believe a reasonable finder of fact could come to any conclusion other than that there was substantial. Well, I have reviewed them. And just like I said, I can't imagine how anybody could believe that 48.6 hours for work on a continuance can stand without some kind of substantiation. And, Your Honor, YouTube was fully prepared to provide that substantiation, but context of the proceedings did not allow for it. There was no opportunity. We were prepared to go to a hearing that the court had scheduled on the voluntary dismissal motion, but the court took it off calendar and issued a ruling without giving YouTube an opportunity to respond to the reply arguments that Terr raised for the first time. Did they file a motion for reconsideration? We did not file a motion for reconsideration, Your Honor. At that point, the cost-benefit analysis suggested that an appeal was the more prudent course. Actually, the cost-benefit analysis suggests that it should have all been consolidated in the class action to begin with, doesn't it? Well, not the dismissal, Your Honor. The dismissal order. The Terr's case would at least be coordinated with the class action. Your Honor, I think counsel for the appellee overstates the request for consolidation. Terr was well aware of the existence of the appeal for months before he raised the prospect of consolidation. And after he was aware of the class action, said, I want to go forward in this court. I don't want to join the class action. I want to proceed with my summary judgment motions here. I filed first. I filed a year before. I want a ruling here. What is the class in New York? Is it a class of owners of copyrighted works that have been put onto YouTube? Correct. Every copyright holder in the world, putatively, is a member of the putative class. No class has been certified for two years. We don't know when, if at all, there will be class certification proceedings. And I should be clear that Terr only joined the action in New York conditioned upon YouTube's preservation of its appeal rights in this court. YouTube said, you can join as long as we reserve our rights to appeal the dismissal order and the erroneous summary judgment order. Terr did not take issue with that reservation of rights. He simply joined the action. So that's why YouTube allowed it. There was nothing that YouTube could do to prevent him, given the dismissal of the district court action here, from filing a lawsuit or joining a lawsuit somewhere else. But YouTube made clear that it was doing so, that it was allowing him to do so subject to its appeal rights in this court. With respect to the declarations, Your Honor, I'd be happy to defend the 48.5 hours with respect to the continuance that Your Honor is calling out. But I think the issue is broader than that. You cannot read these declarations without coming to the conclusion that there were substantial non-useful fees incurred by YouTube in defense of an action over 14 months of litigation. There were $25,000 in costs, travel costs to Los Angeles, courier services, filing services, copies, facsimiles. None of that would be useful in a subsequent action between the parties. The trial court abused its discretion in failing to condition Terr's voluntary dismissal on an award of those non-useful fees. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision. And we will hear argument next in Desrochers v. City of San Bernardino.
judges: O'scannlain, Rymer, Wardlaw